## Commonwealth v. Lindeman.

*J. Andrew Frantz*, for Commonwealth; *Louis S. May*, for defendant.

GROFF, P. J., January 10, 1931.—In this case the defendant moves for a new trial, and assigns six different reasons why it should be granted, the fifth of which is as follows:

"5. The learned court erred in its charge as follows: 'It did not matter how it [the bull] got into the possession of Binkley, or how Binkley got it. It was Lindeman's business to return that bull, or the value of it, to the people he had gotten it from under the agreement he had signed. If he did not do that, then he is liable under this act and you should convict him.' "

The court then read to the jury the act of assembly under which this indictment was drawn [Act of May 18, 1917, P. L. 241, section 1], and which is as follows:

"Any person having received or having possession, in any capacity or by any means or manner whatever, of any money or property [a bull, of course, is property], of any kind whatsoever, of or belonging to any other person, firm, or corporation, or which any other person, firm, or corporation is entitled to receive and have, who fraudulently withholds, converts, or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own use and benefit, or to and for the use and benefit of any other person. . . ."

The court further instructed the jury as follows:

"Therefore, if he converted this bull to his own use, or to Binkley's use, or to any other person's use than that of Louis Lyons & Son, then he ought to be convicted. Of course, if he did not do that, then he should be acquitted. And the question for you to determine is whether he did convert this bull to his own use or to the use of Binkley or to the use of somebody else, to whom it was sold, or whether he returned it to Lyons."

In reading over this part of the charge, we think it was tantamount to giving binding instructions in favor of the Commonwealth and against the defendant. We feel now that the word "fraudulently," as used in the act, should have been explained to the jury, and that possibly through the court not explaining that word to the jury an injustice was done to the defendant, which led to his conviction. We believe that a new trial will, in all probability, result in a similar verdict, but having failed fully to explain the law to the jury in our charge, it is our duty, as we see it, to grant the new trial prayed for.

The other matter argued in defendant's brief, the exclusion of the testimony of Edwin Sprenkle, we feel was not error, but for the reasons above stated we make the rule for a new trial absolute.

Rule made absolute and new trial granted.

From George Ross Eshleman, Lancaster, Pa.